UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
Jacob Langsam
Plaintiff,

vs.

Midland Credit Management INC.
Defendant
_____x

ROBINSON

07 CIV. 3123

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Demands A Trial by Jury

## INTRODUCTION

1. This is an action for damages and declaratory relief by an individual consumer for repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (hereinafter FDCPA) and Fair Credit Reporting Act (hereinafter FCRA) by the Defendant and infliction of emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendant has violated the provisions of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Jacob Langsam, is a natural person residing at 66 Horton Drive, Monsey, New York, 10952, and residing in this District.

1

4. Defendant, Midland Credit Management INC. (hereinafter "Midland"), a "user" and "furnisher" of credit information, is a collection agency regularly engaged in the collection of debts in this state with its principal place of business located at 8875 Earo Drive, Suite 2, San Diego, California, 92123, which is a debt collector as defined in FDCPA.

## FACTUAL ALLEGATIONS

5. On or about February 1, 2006, plaintiff received a collection letter from defendant Midland demanding $6,567.81.

6. On or about February 10, 2006, plaintiff sent a letter requesting validation of the alleged debt.

7. Notwithstanding, on or about April 27, 2006, defendant Midland sent another collection letter demanding $6,746.49.

8. On or about May 21, 2006, plaintiff sent a second letter requesting validation of the alleged debt.

9. Defendant Midland failed to acknowledge or provide plaintiff's requests for validation.

10. Defendants Midland, Equifax and Trans Union continue to report said debt as unpaid.

11. As of the date of this complaint the debt continues to show unpaid.

FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

12. The allegations in paragraphs 1-11 in this pleading are incorporated as if fully rewritten herein.

13. Defendant Midland violated the Fair Debt Collection Practices Act 15 U.S.C. 1692.

14. Defendant Midland violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was disputed.

15. Defendants CRS violated 15 U.S.C. 1692g(b) by attempting to collect a debt from plaintiff when they knew, or should have known, that they had no legal authority to do so.

16. As a direct and proximate result thereof, Plaintiff has been injured and may continue to suffer such injury in the future and is entitled to damages therefore

## SECOND CLAIM: INFLICTION OF EMOTIONAL DISTRESS

17. The allegations paragraphs 1-16 in this pleading are incorporated as if fully rewritten herein.

18. This claim is for tortuous infliction of emotional distress caused to Plaintiff by Defendants.

19. During the course of their actions, and/or subsequent thereto, Defendants have recklessly and/or intentionally caused severe emotional distress to Plaintiff without protection of law and at a time when it knew or should have known that its actions would do so.

20. As a direct and proximate result thereof, Plaintiff was injured and may continue to suffer such injury in the future.

## THIRD CLAIM: DEFAMATION

21. The allegations paragraphs 1-20 in this pleading are incorporated as if fully rewritten herein.

22. Defendants recklessly, maliciously and/or intentionally, disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

23. Defendants have defamed Plaintiff.

24. Alternatively, Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

ADDITIONAL CLAIMS

25. The allegations paragraphs 1-24 in this pleading are incorporated as if fully rewritten herein..

26. The above and foregoing actions, inactions and fault of Defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiffs.

27. Defendants' false credit reporting about plaintiffs have been a substantial factor in causing credit denials and other damages.

28. Defendants are liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, property damage, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA and FCRA, and declaratory and injunctive relief for Defendants' violations of the Consumer Act;

B. Actual damages as proven at trial, on each and every claim;

C. Statutory damages, where applicable;

D. Costs and reasonable attorney fees; and

E. For such other and further relief as may be just and proper.

Plaintiff hereby demands a trial by jury on all issues and all claims.

DATED: April 11, 2007
Spring Valley, NY

_____/s/_____
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
Jacob Langsam
Plaintiff,                                          Rule 7.1 Statement

v

Midland Credit Management INC.
Defendant.
_____x

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Jacob Langsam (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:
N/A

Dated: Spring Valley, New York
April 11, 2007                              /s/ _____
                                            Shmuel Klein (SK 7212) Fed Court Only
                                            Law Office of Shmuel Klein, PC
                                            Attorneys for Plaintiff
                                            268 ROUTE 59
                                            Spring Valley, NY  10977
                                            (845) 425-2510