UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

| | |
|---|---|
| JACOB LANGSAM, | Civil Action No.: 07-CV-3123 (SCR)(MDF) |
| Plaintiff, | |
| vs. | **DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT WITH COUNTER CLAIM** |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

----------------------------------X

Defendant, MIDLAND CREDIT MANAGEMENT, INC., by and through its attorneys, PINO & ASSOCIATES, LLP, as and for its Answer To Plaintiff's Complaint For Violation Of The Fair Debt Collection Practices Act ("Complaint"), respectfully alleges as follows:

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. 1331. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that it is a debt collector as defined pursuant to 15 U.S.C. 1692a(6) with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

233133.1

5. Defendant admits that it sent collection letters dated December 9, 2005 and February 1, 2006. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that it sent a collection letter dated April 27, 2006. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S FIRST CLAIM

12. In response to Paragraph 12 of the Complaint, Defendant repeats, realleges, and reiterates its response to Paragraphs 1 through 11 as though fully set forth at length herein.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## AS AND FOR AN ANSWER TO THE
## PLAINTIFF'S SECOND CLAIM

17. In response to Paragraph 17 of the Complaint, Defendant repeats, realleges, and reiterates its response to Paragraphs 1 through 16 as though fully set forth at length herein.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

## AS AND FOR AN ANSWER TO THE
## PLAINTIFF'S THIRD CLAIM

21. In response to Paragraph 21 of the Complaint, Defendant repeats, realleges, and reiterates its response to Paragraphs 1 through 20 as though fully set forth at length herein.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

### AS AND FOR AN ANSWER TO THE PLAINTIFF'S ADDITIONAL CLAIMS

25. In response to Paragraph 26 of the Complaint, Defendant repeats, realleges, and reiterates its response to Paragraphs 1 through 25 as though fully set forth at length herein.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations as stated in the prayer.

30. Any allegation not admitted is denied.

TO THE EXTENT NOT EXPRESSLY ADMITTED HEREIN, ALL MATERIAL ALLEGATIONS OF THE COMPLAINT ARE DENIED.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that the Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent that any violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), or any other federal or state statute occurred, which Defendant expressly denies, said violation was unintentional and resulted from a bona fide error, notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith and without malice or intent to injure Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering any relief sought in the Plaintiff's Complaint based upon the Plaintiff's own conduct and admissions with respect to the debt at issue.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived his rights, if any, to recover the relief sought in the Complaint based upon Plaintiff's own conduct and admissions with respect to the debt at issue.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Defendant has, at all material times with respect to Plaintiff, acted in good faith and complied fully with the FDCPA and all relevant federal and state laws.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

No damages can be awarded to Plaintiff to the extent that the damages allegedly suffered are not reasonably calculable or ascertainable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

In the event that the Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action, not per violation of the FDCPA.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff did not request validation within thirty (30) days of the initial communication with the Defendant. 15 U.S.C. §1692g.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

On December 9, 2005, an initial collection letter was mailed to Plaintiff at the same address to which the February 1, 2006 letter was sent. This address was provided by the original creditor. Plaintiff can not overcome the strong presumption that he received the initial collection letter. Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.), 311 F.3d 298, 304 (3d Cir. 2002).

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The December 9, 2005 initial collection letter fully comported with the FDCPA, including an effectively conveyed validation notice as required by 15 U.S.C. §1692g(a), providing:

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed and the name of the original creditor;

(3)   a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Midland; and

(4)   a statement that if the consumer notifies Midland in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Midland would obtain verification of the debt and a copy of such verification would be mailed to Plaintiff by Midland.

Plaintiff's February 10, 2006 letter requesting validation of the alleged debt was sent more than thirty (30) days after Midland Credit Management, Inc.'s December 9, 2005 initial contact with Plaintiff. Therefore, Plaintiff's Complaint fails to plead any claims upon which relief may be granted.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a finding by this Honorable Court reflecting the improper purpose of this action and is entitled to recover all reasonable legal fees and costs incurred in defending this action pursuant to 15 U.S.C. §1692k(a)(3).

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional Affirmative Defenses as more information becomes available through discovery.

### AS AND FOR A FIRST COUNTER CLAIM AGAINST PLAINTIFF

Defendant, MIDLAND CREDIT MANAGEMENT, INC., respectfully asserts that a counter claim in the sum of $7,520.78 plus interest against Plaintiff JACOB LANGSAM for amounts currently owed with respect to the instant debt.

WHEREFORE, Defendant, MIDLAND CREDIT MANAGEMENT, INC., demands judgment granting the Defendant's Counter Claim and dismissing the Plaintiff's Complaint on the merits herein, together with the costs and disbursements of this action and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       August 9, 2007

                                      s/ Thomas E. Healy
                              Thomas E. Healy (TH 4340)
                              Pino & Associates, LLP
                              Westchester Financial Center
                              50 Main Street
                              White Plains, New York 10606
                              Telephone: (914) 946-0600
                              Facsimile: (914) 946-0650
                              **Attorneys for Defendant**
                              **MIDLAND CREDIT MANAGEMENT, INC.**

TO:    Shmuel Klein, Esq. (Via ECF and Facsimile)
         Law Office of Shmuel Klein, PC
         268 Route 59
         Spring Valley, New York 10977
         Telephone: (845) 425-2510
         **Attorney for the Plaintiff**
         **JACOB LANGSAM**