UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

JACOB LANGSAM,                          Civil Action No.: 07-CV-3123
                                             (CLB)(MDF)
                 Plaintiff,

                                             **NOTICE OF MOTION FOR**
      vs.                            <u>**SUMMARY JUDGMENT**</u>

MIDLAND CREDIT MANAGEMENT, INC.,

                 Defendant.

---------------------------------X

       **PLEASE TAKE NOTICE**, that upon the attached Memorandum of Law, dated February 21, 2008, and the exhibits annexed thereto, Defendant's Rule 56.1 Statement of Material Facts and all prior pleadings and proceedings had herein, Defendant MIDLAND CREDIT MANAGEMENT, INC., will move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, before the Honorable Charles L. Brieant, United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on the 7th day of March, 2008, for an Order dismissing the Complaint herein, together with such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
        February 21, 2008

                                         Thomas E. Healy (TH 4340)
                                         Marc A. Rousseau (MR 8018)
                                         Pino & Associates, LLP
                                         Westchester Financial Center
                                         50 Main Street
                                         White Plains, New York 10606
                                         Telephone: (914) 946-0600
                                         Facsimile: (914) 946-0650
                                         **Attorneys for Defendant**
                                         **MIDLAND CREDIT MANAGEMENT, INC.**

236243.1

TO:   Shmuel Klein, Esq. (via FEDEX EXPRESS)
      Law Office of Shmuel Klein, PC
      268 Route 59 West
      Spring Valley, New York 10977
      Telephone: (845) 425-2510
      **Attorney for the Plaintiff**
      **JACOB LANGSAM**

236243.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

JACOB LANGSAM,

               Plaintiff,

    vs.

MIDLAND CREDIT MANAGEMENT, INC.,

               Defendant.

------------------------------------------------X

Civil Action No.: 07-CV-3123 (CLB)(MDF)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MIDLAND CREDIT MANAGEMENT, INC'S MOTION SEEKING SUMMARY JUDGMENT: A) DISMISSING THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56; AND B) GRANTING THE RELIEF SET FORTH IN ITS <u>COUNTERCLAIM AGAINST THE PLAINTIFF</u>

Pino & Associates, LLP
Westchester Financial Center
50 Main Street
White Plains, New York 10606
Telephone: (914) 946-0600

Attorneys for Defendant
**MIDLAND CREDIT MANAGEMENT, INC.**

Of Counsel:      Thomas E. Healy, Esq.
                      Marc A. Rousseau, Esq.

235891.1

# TABLE OF CONTENTS

Table of Authorities ................................................................................................. ii

Introduction ............................................................................................................. 1

Preliminary Statement ............................................................................................. 1

Factual Summary .................................................................................................... 3

Argument ................................................................................................................ 3

I.   The Claims for Relief By Plaintiff Against
     Defendant MIDLAND Are Without Factual
     Basis And Must Be Dismissed ..................................................................... 3

     A.   Summary Judgment Standard ............................................................. 3

     B.   Plaintiff Failed To Comply With Statutory Terms Of Debt
          Validation Under FDCPA §1692G And Therefore Cannot Sustain
          It's Claim Of Violation Of Such Section ............................................ 4

     C.   Defendant Complied With All Statutes
          In Reporting The Debt As Disputed
          Belying Any Allegation Of Violation
          Of 15 U.S.C. §1692E(8). ..................................................................... 5

     D.   Plaintiff's Claims For Violation Of The
          Fair Debt Reporting Act Cannot Be
          Maintained As They Are Without
          Statutory Authority And Are Insufficiently
          Plead .................................................................................................... 7

     E.   Plaintiff's Claims For Infliction Of
          Emotional Distress And Defamation Must
          Be Dismissed As They Are Preempted
          Under The FCRA And Are Not
          Sufficiently Plead ................................................................................ 8

F. Plaintiff's Claims For Declaratory And/Or Injunctive Relief Must Be Dismissed As Without Statutory Authority.................................................................10

G. Plaintiff's Claim For Relief Under The Consumer Act Must Be Dismissed As No Such Federal Or New York State Statute Exists.................................................................10

II. Summary Judgment Regarding Defendant MIDLAND'S Counterclaim Should Be Granted.................................................................11

A. There Is No Genuine Issue Of Material Fact Regarding Plaintiff's Obligation To Pay The Debt Due And Owing Regarding The Former CITIBANK Account, Together With Interest.................................................................11

Conclusion .................................................................11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)..................................................................................................3, 4

Berger v. Suburban Credit Corp.,
2006 U.S. Dist. LEXIS 62909 (E.D.N.Y., 2006).............................................................4

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ...............................................................3

DiGanni v. Stern's, 26 F. 3d 346 (2d Cir., 1994) ............................................................7

Fashakin v. Nextel Com.,
2006 U.S. Dist. LEXIS 45807 (E.D.N.Y., 2006)........................................................7, 8

Fasten v. Zager, 49 F. Supp. 2d 144 (E.D.N.Y., 1999)....................................................5

Fitch v. R.J. Reynolds Tobacco Co.,
675 F. Supp. 133 (S.D.N.Y., 1987) ................................................................................3

Gallo v. Prudential Residential Servs.,
22 F. 3d 1219 (2d Cir., 1994).........................................................................................4

Goldberg v. Winston & Morrone,
1997 U.S. Dist. LEXIS 3521 (S.D.N.Y., 1997)............................................................10

Gross v. Washington Mut. Inc.,
2007 U.S. Dist. LEXIS 34837 (S.D.N.Y., 2007)............................................................8

In re Risk Mgmt. Alternatives, Inc.
Fair Debt Collection Practices Litig.,
208 F.R.D. 493 (S.D.N.Y., 2002) .................................................................................10

Lendino v. Trans Union Credit Information Co.,
970 F. 2d 1110 (2d Cir., 1992).......................................................................................3

Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,
475 U.S. 547 (1986).......................................................................................................3

Redhead v. Winston & Winston, P.C.,
2002 U.S. Dist. LEXIS 17780 (S.D.N.Y., 2002)............................................................7

White v. First Am. Registry, Inc.,
378 F. Supp. 2d 419 (S.D.N.Y., 2005).........................................................................10

**STATE CASES**

Arsenault v Forquer,
197 AD2d 554, 602 N.Y.S. 2d 653 (2d Dept., 1993) ......................................................9

Dillon v. City of New York,
261 A.D. 2d 34, 704 N.Y.S. 2d 1 (1st Dept., 1999) ........................................................9

Fischer v. Maloney,
43 N.Y. 2d 553, 402 N.Y.S. 2d 991 (1978) ....................................................................8

Foster v Churchill,
87 N.Y. 2d 744, 642 N.Y.S. 2d 983 (1996) ....................................................................9

Leonard v. Reinhardt,
20 A.D. 3d 510, 799 N.Y.S. 2d 118 (2d Dept., 2005) ....................................................8

Poliah v. Westchester County Country Club,
14 A.D. 3d 601, 787 N.Y.S. 2d 902 (2d Dept., 2005) ....................................................8

Rinaldi v Holt, Rinehart & Winston,
42 NY2d 369, 397 N.Y.S. 2d 943 (1977) .......................................................................9

Sydney v MacFadden Newspaper Publ. Corp.,
242 NY 208 (1926) .........................................................................................................9

Vardi v Mutual Life Ins. Co.,
136 AD2d 453, 523 N.Y.S. 2d 95 (1st Dept., 1988) .......................................................9

**FEDERAL STATUTES**

Fair Debt Collection Practices Act,
15 U.S.C. §1692, et al. .............................................................................1,2,3,4,5,6,7,8,9,10

Fair Debt Reporting Act,
15 U.S.C. §1681, *et al.* .......................................................................................3,7,8,9,10

**FEDERAL REGULATIONS**

Fed. R. Civ. P. 56 .......................................................................................................1, 3

**HORNBOOKS**

Restatement [Second] of Torts §558 ............................................................................9

## INTRODUCTION

The present matter arises out of correspondence sent from Defendant MIDLAND CREDIT MANAGEMENT, INC., (hereinafter, "MIDLAND") to Plaintiff regarding a debt owed by Plaintiff that was purchased by Midland Funding, LLC (on whose behalf Defendant MIDLAND was attempting to collect) from the initial creditor, CITIBANK. Plaintiff alleges that such correspondence and reporting to credit reporting agencies violated the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, causing damages to Plaintiff.

MIDLAND submits this Memorandum of Law in Support of it's Motion seeking summary judgment against Plaintiff, JACOB LANGSAM (hereinafter, "LANGSAM" or Plaintiff): A) dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 56; B) granting the relief requested by Defendant in its Counterclaim; and C) for such other and further relief as this Court may deem just and proper.

It is respectfully submitted that, based upon the pleadings (as there has yet been no response by Plaintiff to Defendant's Requests for Production and Interrogatories) and the applicable law as set forth below, Plaintiff's claims against the Defendant should be dismissed and the present Motion should be granted in its entirety.

## PRELIMINARY STATEMENT

Plaintiff's claims against Defendant MIDLAND as set forth in his Complaint are as follows: 1) Violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. §1692 (subsection unspecified) (See Complaint, ¶13); 2) Violation of FDCPA §1692e(8) (See Complaint, ¶14); 3) Violation of FDCPA §1692g(b); Reckless and/or intentional infliction of emotional distress (See Complaint, ¶¶ 18, 19); 4)Defamation and recklessly, maliciously or intentionally disseminating false or inaccurate information with reckless disregard for the truth of

235891.1

the matter asserted (See Complaint, ¶¶ 22,23); and 5) Miscellaneous claims, including damages as a result of credit denials, property damage, cost or repairing credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys fees and costs, together with interest (See Complaint, ¶¶ 27, 28). While the introduction to Plaintiff's Complaint and the "Wherefore" section do allege a claim under the Fair Credit Reporting Act, no allegation within the Complaint cites any reference thereto. Further, while the "Wherefore" section cites a claim under the Consumer Act, a review of the United States Code and the New York State Consolidated Laws finds no such statute under this title.

The Complaint specifically states that these claims are based upon its allegations that Defendant MIDLAND communicated false credit information and attempted to collect a debt when said debt was disputed and which they knew or should have known they had no legal right to collect (See Complaint, ¶¶ 14,15). Plaintiff's factual allegations center around correspondence sent by Defendant MIDLAND dated February 1, 2006 and April 17, 2006, as well as correspondence Plaintiff sent dated February 10, 2006 and May 21, 2006, requesting validation of the debt (See Complaint, ¶¶ 5-8). Plaintiff further claims that Equifax and Trans Union continue to report the debt as unpaid.

However, Plaintiff omits the fact that Defendant MIDLAND sent an initial correspondence to Plaintiff (at the same address as all other correspondence and which contained the required validation notice) dated December 9, 2005, more than thirty (30) days prior to Plaintiff's first letter to Defendant MIDLAND. Plaintiff does acknowledge and does attach this correspondence in its Rule 26(a) Initial Disclosures. As such, Plaintiff's dispute in his February 10, 2006 letter was made outside of the validation period and therefore, Plaintiff was not entitled

to validation of the debt under the FDCPA §1692g. In stead, the burden of proving the debt was not valid shifted to the Plaintiff. Further, Plaintiff failed to acknowledge the fact that Defendant MIDLAND, in reporting the debt through the credit reporting agencies, did report such debt as disputed, thereby belying any allegation of violation of FDCPA §1692e(8) or the FCRA. As such, the present Motion should be granted in its entirety.

## FACTUAL SUMMARY

The relevant facts are contained within Defendant's Rule 56.1 Statement, attached hereto and submitted with this Memorandum of Law in Support of Defendant MIDLAND's Motion for Summary Judgment.

## ARGUMENT

### I. THE CLAIMS FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT MIDLAND ARE WITHOUT FACTUAL BASIS AND MUST BE DISMISSED

#### A. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure (FRCP) 56(c), summary judgment should be granted when there is no genuine issue of material fact at issue and the moving party has made a showing of entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Lendino v. Trans Union Credit Information Co., 970 F. 2d 1110, 1112 (2d Cir., 1992). The Court's role is to determine the existence of an issue of fact, not to weigh evidence. Anderson, supra at 249.

To present a genuine issue of fact, and in turn, defeat a motion for summary judgment, the non-moving party must do more than cast doubt upon the material facts. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 547, 586 (1986). Conclusory allegations are not enough. Fitch v. R.J. Reynolds Tobacco Co., 675 F. Supp. 133, 136 (S.D.N.Y., 1987). There

must be enough evidence in the record to support a jury verdict in favor of the party opposing the motion. <u>Anderson, supra</u> at 249.

Where, as here, the movant is seeking summary judgment to dismiss the Complaint, the movant satisfies its burden of showing prima facie entitlement of summary judgment when it is shown that the claimant has produced insufficient evidence concerning a necessary element of the claim. <u>Berger v. Suburban Credit Corp.</u>, 2006 U.S. Dist. LEXIS 62909 (E.D.N.Y., 2006). When there is shown that little or no evidence exists in support of the non-moving party's case, summary judgment is proper. <u>Gallo v. Prudential Residential Servs.</u>, 22 F. 3d 1219, 1223-1224 (2d Cir., 1994).

As set forth below and based upon the facts herein, the Plaintiff herein cannot support its claims under any theory. Therefore, the present Motion should be granted in its entirety.

    **B.**     <u>**PLAINTIFF FAILED TO COMPLY WITH STATUTORY TERMS OF DEBT VALIDATION UNDER FDCPA §1692G AND THEREFORE CANNOT SUSTAIN ITS CLAIM OF VIOLATION OF SUCH SECTION**</u>**.**

15 U.S.C. §1692g(b) provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

The statute is clear, stating that the right to validation of the debt exists if certain conditions are met. The request for validation must be in writing and must be made within thirty

235891.1      4

(30) days of receipt of the validation notice. If these conditions are not met, there is nothing in the statute that extends any other right to the consumer regarding validation.

Plaintiff here was sent correspondence on December 9, 2005, which contained the required validation notice. There is no claim by Plaintiff that the validation notice was deficient pursuant to the statute or that there was language within the correspondence that overshadowed the validation notice. Plaintiff simply alleges that Defendant MIDLAND failed to acknowledge or respond to the validation request dated February 10, 2006, sixty-one (61) days later.

There is no obligation to provide debt verification unless a written request is received within the thirty-day period. 15 U.S.C. 1692g(b); Fasten v. Zager, 49 F. Supp. 2d 144 (E.D.N.Y., 1999).

The statutory provision is also very clear that debt collection activities are only required to cease (and only until such time as the validation is mailed to the consumer) when the written validation request is sent within the thirty-day period. In fact, the statute specifically contains a provision allowing for continuation of collection activities during that thirty-day period when no such written validation request is received. There is nothing in the statute that required a debt collection entity to cease debt collection activity without a timely validation request. As such, there is no evidence of any violation of 15 U.S.C. §1692g(b).

    C.    **DEFENDANT COMPLIED WITH ALL STATUTES IN REPORTING THE DEBT AS DISPUTED, BELYING ANY ALLEGATION OF VIOLATION OF 15 U.S.C. §1692E(8).**

The only other statutory violation plead with any level of specificity is 15 U.S.C. §1692e(8), which states as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

While Plaintiff has asserted (without any evidentiary basis) that "[D]efendant Midland, Equifax and Transunion continue to report said debt as unpaid" (See Complaint, ¶10), such allegation, even if true, does not state a claim for violation of FDCPA §1692e(8). The only specific requirement delineated by such section is that a debt be reported as disputed. The Complaint fails to allege that the debt was not reported as disputed and therefore fails to state a claim for such violation. Further, Plaintiff fails to allege that any indication that the debt is unpaid is in any way false, deceptive or misleading.

After recieving Plaintiff's February 10, 2006 correspondence indicating that the "claims" were disputed, Defendant MIDLAND reported the debt to the credit reporting agencies as disputed and continues to correctly do so to this day. (See Exhibit "G", Bureau Reports). Therefore, there is no evidence that Defendant MIDLAND in any way violated this section of the statute.

Plaintiff appears to allege that the continuation of collection activities by Defendant MIDLAND after receipt of the February 10, 2006 letter violated the FDCPA. It is altogether unclear how such allegation states a claim under §1692e(8). There is nothing in this section that requires the cessation of collection activities if the debtor informs the collection agency that the debt is disputed, especially in light of the fact that Plaintiff has failed to offer any support for its contention that the debt is disputed. In fact, the February 10, 2006 letter does not state in any way how the debtor alleges the debt or any information regarding the debt is inaccurate. It is only under §1692g(b) that the FDCPA requires a cessation of collection activities for any reason. Since this requirement is limited to the proper exercise of Plaintiff's right to validation of the

debt, nothing in the FDCPA required Defendant MIDLAND to cease collection activities on a debt based solely on the Plaintiff's assertion that it is disputed and nothing more. It is clear, as above, that the Plaintiff failed to exercise in a timely manner his right to validation of the debt. Therefore, Defendant's continued collection activities did not violate the FDCPA in any manner.

   D.   **PLAINTIFF'S CLAIMS FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT CANNOT BE MAINTAINED AS THEY ARE WITHOUT STATUTORY AUTHORITY AND ARE INSUFFICIENTLY PLEAD.**

Plaintiff fails to specify any section of the Fair Credit Reporting Act (hereinafter, "FCRA"), nor does Plaintiff allege facts sufficient to claim a violation under the Act. Pursuant to 15 U.S.C. §1681a(f), responsibilities are imposed upon credit reporting agencies. However, there is no allegation, nor is there are allegation of facts to support such an allegation, that Defendant MIDLAND is a credit reporting agency. DiGanni v. Stern's, 26 F. 3d 346, 348-349 (2d Cir., 1994)(holding that retailers that furnish information to credit reporting agencies are not themselves credit reporting agencies within the meaning of the FCRA); Fashakin v. Nextel Com., 2006 U.S. Dist. LEXIS 45807 (E.D.N.Y., 2006). FCRA §1681s-2(a) prohibits furnishers of information to consumer reporting agencies from providing information which it has actual knowledge is inaccurate. 15 U.S.C. §1681s-2(a). However, there is no private right of action under this section. Redhead v. Winston & Winston, P.C., 2002 U.S. Dist. LEXIS 17780 (S.D.N.Y., 2002). That leaves FCRA §1681s-2(b), which also imposes responsibilities on furnishers of information regarding its accuracy. However, in order to maintain a cause of action for violation of this section, notice of the dispute as to accuracy of information must have been received from a credit reporting agency (and not the consumer). Redhead, supra. Plaintiff here has failed to allege, nor is there any evidence in the record to show, that Defendant MIDLAND received any notice of a dispute regarding the subject debt from a credit reporting agency.

Therefore, claims for violations under the FCRA must be dismissed. More Importantly, MIDLAND properly reported the debt as disputed after receiving Plaintiff's dispute of the debt. (See Exhibit "G", Bureau Reports).

> E.   PLAINTIFF'S CLAIMS FOR INFLICTION OF EMOTIONAL DISTRESS AND DEFAMATION MUST BE DISMISSED AS THEY ARE PREEMPTED UNDER THE FCRA AND ARE NOT SUFFICIENTLY PLEAD.

As Plaintiff has alleged violations under the Federal Credit Reporting Act, state law claims, which here include infliction of emotional distress and defamation, are preempted. 15 U.S.C. §1681h(e); 15 U.S.C. §1681t(b)(1)(F); Gross v. Washington Mut. Inc., 2007 U.S. Dist. LEXIS 34837 (S.D.N.Y., 2007); Fashakin, supra. FCRA §1681t(b)(1) and §1681h(e) have been interpreted in this Circuit to preempt state law claims arising out of disclosure of credit information. Gross, supra. Therefore, these claims must be dismissed.

The tort of intentional or reckless infliction of emotional distress must be supported by allegations of extreme and outrageous conduct, "which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society". Fischer v. Maloney, 43 N.Y. 2d 553, 557, 402 N.Y.S. 2d 991 (1978); Leonard v. Reinhardt, 20 A.D. 3d 510, 799 N.Y.S. 2d 118 (2d Dept., 2005). Where a complaint fails to allege extreme or outrageous conduct when asserting a claim for infliction of emotional distress, such claim must be dismissed. Leonard, supra; Poliah v. Westchester County Country Club, 14 A.D. 3d 601, 787 N.Y.S. 2d 902 (2d Dept., 2005)(where the Court found that, even if true, the allegations of conduct were merely insults, indignities and annoyances). Here, the Plaintiff has failed woefully to allege any conduct which could even remotely be characterized as extreme or outrageous. As such, this cause of action must be dismissed.

Defamation has long been recognized to arise from "the making of a false statement which tends to 'expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society' ". Foster v Churchill, 87 N.Y. 2d 744, 751, 642 N.Y.S. 2d 983 (1996), quoting Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379, 397 N.Y.S. 2d 943 (1977) cert denied, 434 US 969, citing Sydney v MacFadden Newspaper Publ. Corp., 242 NY 208, 211-212 (1926); Dillon v. City of New York, 261 A.D. 2d 34, 704 N.Y.S. 2d 1 (1st Dept., 1999). The elements are: 1) a false statement; 2) published without privilege or authorization to a third party; 3) constituting fault as judged by, at a minimum, a negligence standard; and 4) it must either cause special harm or constitute defamation *per se*. Restatement [Second] of Torts § 558; Dillon, supra. CPLR 3016 (a) requires that in a defamation action, "the particular words complained of … be set forth in the complaint." The complaint also must allege the time, place and manner of the false statement and specify to whom it was made Dillon, supra; Arsenault v Forquer, 197 AD2d 554, 602 N.Y.S. 2d 653 (2d Dept., 1993); Vardi v Mutual Life Ins. Co., 136 AD2d 453, 523 N.Y.S. 2d 95 (1st Dept., 1988).

The Complaint fails to satisfy any of the pleading requirements for such a cause of action. The Complaint fails to allege the harm as articulated by the Court of Appeals in Forster and further fails to allege the time, place and manner of the false statement. Further still, based upon the record, the only indication of which the debt is disputed being the correspondence from Plaintiff, there is no indication upon what basis the Plaintiff asserts the statement that the debt is owed is false. The correspondence dated February 10, 2006 and subsequent correspondence dated May 21, 2006 give no indication whatsoever as to the inaccuracy or the basis upon which the debt is disputed. Equally damning to Plaintiff's Emotional Distress and Defemation claims is

the fact that MIDLAND reported the debt as disputed after receiving Plaintiff's dispute of the debt. (See Exhibit "G", Bureau Reports). As such, Plaintiff cannot maintain a cause of action for defamation.

  **F.**  **PLAINTIFF'S CLAIMS FOR DECLARATORY AND/OR INJUNCTIVE RELIEF MUST BE DISMISSED AS WITHOUT STATUTORY AUTHORITY.**

There is no authority in the FDCPA or the FCRA for injunctive or declaratory relief in private actions. In re Risk Mgmt. Alternatives, Inc. Fair Debt Collection Practices Litig., 208 F.R.D. 493, 503 (S.D.N.Y., 2002)(FDCPA); Goldberg v. Winston & Morrone, 1997 U.S. Dist. LEXIS 3521 (S.D.N.Y., 1997)(FDCPA); White v. First Am. Registry, Inc., 378 F. Supp. 2d 419 (S.D.N.Y., 2005)(FCRA). Therefore, the portion of Plaintiff's claims seeking such relief must be dismissed.

  **G.**  **PLAINTIFF'S CLAIM FOR RELIEF UNDER THE CONSUMER ACT MUST BE DISMISSED AS NO SUCH FEDERAL OR NEW YORK STATE STATUTE EXISTS.**

A review of the United States Code Annotated and the New York State Consolidated Laws Annotated, available electronically, reveals no such Act or statute under Federal or New York State law. Therefore, such claim must be dismissed. Further, there is no mention of this Act or statute anywhere in the Complaint other than in the "Wherefore" section, leaving the only conclusion that a claim for a violation of such Act or statute is not sufficiently plead.

II. **SUMMARY JUDGMENT REGARDING DEFENDANT MIDLAND'S COUNTERCLAIM SHOULD BE GRANTED.**

    A. **THERE IS NO GENUINE ISSUE OF MATERIAL FACT REGARDING PLAINTIFF'S OBLIGATION TO PAY THE DEBT DUE AND OWING REGARDING THE FORMER CITIBANK ACCOUNT, TOGETHER WITH INTEREST.**

Defendant MIDLAND asserts a Counterclaim for recovery of the amount due and owing on the underlying debt of Plaintiff, in the amount of $7,520.78, plus interest. A statement, dated July 1, 2006, showing the principal balance owed to CITIBANK at the time of purchase, $5,178.25, together with interest to that point at a rate of 15%, in the amount of $1,702.25, was sent to Plaintiff. To date, Plaintiff has not produced any evidence that the debt is not his or is not due and owing. As such, a judgment should be entered in favor of Defendant MIDLAND and against Plaintiff for such amount, together with interest to date.

## CONCLUSION

As set forth above, it is respectfully submitted that there is no genuine issue of material fact regarding Defendant MIDLAND's compliance with all aspects of federal law, and the present Motion should be granted in all respects. It is further submitted that there is no genuine issue of material fact regarding the Plaintiff's obligation under the debt purchased by Midland Funding, LLC and that a judgment for the principal amount of such debt, together with interest to date, should be granted.

Dated: White Plains, New York
       February 21, 2008

                                                Thomas E. Healy (TH 4340)
                                                Marc A. Rousseau (MR 8018)
                                                Pino & Associates, LLP
                                                Westchester Financial Center
                                                50 Main Street
                                                White Plains, New York 10606
                                                Telephone: (914) 946-0600
                                                Facsimile: (914) 946-0650
                                                **Attorneys for Defendant**
                                                **MIDLAND CREDIT MANAGEMENT, INC.**

TO:    Shmuel Klein, Esq. (via FEDEX EXPRESS)
         Law Office of Shmuel Klein, PC
         268 Route 59 West
         Spring Valley, New York 10977
         Telephone: (845) 425-2510
         **Attorney for the Plaintiff**
         **JACOB LANGSAM**

## CERTIFICATE OF SERVICE

Marc A. Rousseau, certifies under penalty of perjury, that I am not a party to this action, I am over 18 years of age and reside in LaGrange, New York. That on the 21st day of February, 2008, I served the enclosed **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION SEEKING SUMMARY JUDGMENT, NOTICE OF SUMMARY JUDGMENT, STATEMENT PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DOCUMENTS** via Federal Express upon:

Shmuel Klein, Esq.
Law Office of Samuel Klein, PC
268 Route 59 West
Spring Valley, New York 10977

_____
MARC A. ROUSSEAU

236244.1