UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JACOB LANGSAM,

                      Plaintiff,

    vs.

MIDLAND CREDIT MANAGEMENT, INC.,

                      Defendant.

------------------------------------------------------------X

Civil Action No.: 07-CV-3123 (CLB)(MDF)

## STATEMENT PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 56.1, Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "MIDLAND"), sets forth the following material facts as to which no genuine issue of fact exists:

    1.    On December 9, 2005, Defendant MIDLAND sent correspondence to the Plaintiff at 66 Horton Drive, Monsey, New York 10952, informing Plaintiff that Midland Funding LLC had acquired Plaintiff's CITIBANK account, together with a validation notice in compliance with 15U.S.C. §1692g. (Exhibit "A")

    2.    On February 1, 2006, Defendant MIDLAND sent correspondence to the Plaintiff at 66 Horton Drive, Monsey, New York 10952, offering a discount to resolve the outstanding balance on the account. (Exhibit "B").

    3.    On February 10, 2006, sixty-one (61) days after the initial communication, Plaintiff sent correspondence to Defendant MIDLAND requesting validation and asserting that the claim is disputed, without explanation as to the basis for the dispute, as well as requesting that no telephone contact be made by Defendant MIDLAND to the debtor. (Exhibit "C").

235922.1

4. On March 15, 2006, April 27, 2006, August 9, 2006, October 5, 2006, November 16, 2006, January 10, 2007, February 7, 2007 and March 8, 2007, Defendant MIDLAND sent Plaintiff correspondence to the same address in further attempts to resolve the outstanding balance of the debt. (Exhibit "D").

5. On May 21, 2006, Plaintiff sent Defendant MIDLAND correspondence informing of his intent to bring legal action for alleged violation of the Fair Debt Collection Practices Act (FDCPA). (Exhibit "E").

6. On July 1, 2006, Defendant MIDLAND sent a statement to Plaintiff at the same address, indicating the principal balance of the debt, the accrued interest to date, the original account number and the original creditor. (Exhibit "F").

7. After recieving Plaintiff's February 10, 2006 correspondence, Defendant MIDLAND has consistently reported the subject debt as disputed to credit reporting agencies. (Exhibit "G").

Dated: White Plains, New York
February 20, 2008

Thomas E. Healy (TH 4340)
Marc A. Rousseau (MR 8018)
Pino & Associates, LLP
Westchester Financial Center
50 Main Street
White Plains, New York 10606
Telephone: (914) 946-0600
Facsimile: (914) 946-0650
**Attorneys for Defendant**
**MIDLAND CREDIT MANAGEMENT, INC.**

TO: Shmuel Klein, Esq.(Via FedEx Express)
Law Office of Shmuel Klein, PC
268 Route 59 West
Spring Valley, New York 10977
Telephone: (845) 425-2510
**Attorney for the Plaintiff**
**JACOB LANGSAM**

## CERTIFICATE OF SERVICE VIA OVERNIGHT MAIL

Marc A. Rousseau, certifies under penalty of perjury, that I am not a party to this action, I am over 18 years of age and reside in Pleasant Valley, New York. That on the 21st day of February, 2008, I served the enclosed **STATEMENT PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** via FEDEX EXPRESS upon:

Shmuel Klein, Esq.
Law Office of Shmuel Klein, PC
268 Route 59
Spring Valley, New York 10977

MARC A. ROUSSEAU