UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
Jacob Langsam
    Plaintiff,
vs.

Midland Credit Management INC.
    Defendant
_____x

Case No. 07-cv-3123

### AFFIRMATION OF SHMUEL KLEIN IN OPPOSITION TO DEFENDANT MIDLAND CREDIT MANAGEMENT'S MOTION FOR SUMMARY JUDGMENT

I, Shmuel Klein, counsel for the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1. This action was brought by Plaintiff for Defendant Midland Credit Management's ("MCM") violation of the FDCPA.

2. Plaintiff disputed the debt on February 10, 2006 by sending a certified dispute and request for validation letter to MCM, following receipt of a dunning letter, dated February 1, 2006.

3. MCM contends that because the first dunning letter, which contained the required 30-day notice, ("1692g notice") was sent on December 9, 2005, Plaintiffs dispute letter was outside of the validation period and MCM was therefore allowed to continue its collection efforts without a duty to verify the debt.

4.      MCM further contends in its Motion for Summary Judgment page 3, that since Plaintiff's dispute was after the 30-day validation period, the burden of proving that the debt was not valid shifted to the Plaintiff. There is no legal basis for this contention.

5.      As seen in the Memorandum of Law, the FDCPA provides, under 1692g(c) that a consumer's failure to dispute a debt may not be construed as a admission of liability.

6.      As a debt collector, MCM had a duty, regardless of when or whether Plaintiff disputed the debt, to ensure that its collection activities comply with the FDCPA.

7.      MCM collected a debt which it was not authorized by any agreement to collect, in violation of 15 U.S.C. 1692f(1) and misrepresented the amount, and legal status of the debt in violation of 15 U.S.C. 1692e(2)(A).

8.      MCM  charged a 15% percent interest, failing to disclose in its dunning letters that it is charging interest, and without any authorization for such interest charges, in violation of 15 U.S.C. 1692f(1) and 15 U.S.C. 1692e(2)(A).

9.      MCM failed to state in its dunning letters to Plaintiff that the debt was disputed, thereby violating 1692e(8).

10.     MCM falsely misrepresented the imminence of legal action in its July 1, 2006 dunning letter by stating that MCM intends to forward the account to an attorney with the intent to initiate legal action, when in fact MCM continued sending dunning letters for over 6 months and did not send the account to any attorney for legal action. MCM violated 15 U.S.C. 1692e(5).

**WHEREFORE** For the reasons cited above, and being that there are numerous issues of disputed facts which are issues for the jury to decide, and not for the Court on Summary Judgment, Defendant's Motion for Summary Judgment should be denied and costs imposed upon Defendant.

DATED: April 16, 2008
    Spring Valley, NY                    _____/s/_____
                                       Shmuel Klein (SK 7212) Fed Court Only
                                       Law Office of Shmuel Klein, PC
                                       Attorneys for Plaintiff
                                       268 ROUTE 59
                                       Spring Valley, NY   10977
                                       (845) 425-2510