UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
Jacob Langsam
    Plaintiff,
vs.

Case No. 07-cv-3123

Midland Credit Management INC.
    Defendant
_____x

# AFFIRMATION OF JACOB LANGSAM IN OPPOSITION TO DEFENDANT MIDLAND CREDIT MANAGEMENT'S MOTION FOR SUMMARY JUDGMENT

I, Jacob Langsam, the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1. I brought this action against Defendant Midland Credit Management's ("MCM"), seeking relief for MCM's violations of the FDCPA.

2. On or about February 1, 2006, I received a collection letter from defendant MCM demanding $6,567.81.

3. On February 10, 2006, I sent a letter requesting validation of the alleged debt to MCM, wherein I disputed the debt.

4. Notwithstanding, on or about March 15, 2006 defendant MCM sent a collection letter demanding to me $6,657.15 and sent another collection letter to me again on April 27, 2006, demanding $6,746.49.

5. On May 21, 2006, I sent a second letter requesting validation of the alleged debt, telling MCM that they were in violation of the FDCPA and giving them another chance to resolve the issue.

6.    Defendant MCM failed to acknowledge or provide my requests for validation. Defendant MCM asserts that since I disputed the debt about 60 days after their first letter which they sent on December 9, 2005, I have admitted my liability to the debt.

7.    I do not remember owing any debt in this amount to anyone. I do not remember owing a debt to Citibank. I never had a debt with a 15% interest rate. I never admitted any liability to MCM as I do not owe this debt.

8.    On July 1, 2006, Defendant MCM sent me a letter stating that they will take legal action. The letters also stated that they are collecting interest in the amount of 15%. The letter did not provide any documents which prove their right to collect the alleged debt.

9.    Upon information and belief, Defendant MCM did not intend to take legal action as they kept sending me settlement offer letters. They just threatened to sue me so they would scare me into paying them.

10.    Defendant MCM continued sending more collection letters, about once a month, for a period of six months, each time trying to collect a larger amount than the previous letter, because of the huge amount of interest they kept charging.

11.    The collection letters sent by Defendant despite my requests that they provide me with proof of the debt, caused me stress, anxiety, sleepless nights and extreme worry.

12.    Since MCM refused to provide me with any verification of the debt, they tried to force me to pay an amount that I do not owe. MCM repeatedly misrepresented to me that I owed the debt, despite the fact that they had no proof that I ever owed the alleged debt.

**WHEREFORE** For the reasons cited above, and being that there are numerous issues of disputed facts which are issues for the jury to decide, and not for the Court on Summary Judgment, Defendant's Motion for Summary Judgment should be denied and costs imposed upon Defendant.

DATED: April 16, 2008
    Spring Valley, NY                    _____/s/_____
                                                      Jacob Langsam

Subscribed and sworn to before me this 16th day of April 2008.
_/s/_____
SHMUEL KLEIN
Notary Public - State of New York