UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
Jacob Langsam
    Plaintiff,
vs.                                                                                  Case No. 07-cv-3123

Midland Credit Management INC.
    Defendant
_____x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MIDLAND CREDIT MANAGEMENT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

    This is an action brought by Plaintiff against Defendant Midland Credit Management ("MCM") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692. ("FDCPA").

    Plaintiff incorporates herein the Affirmation in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Rule 56.1 Statement of Facts Which Bar Summary Judgment.

**ARGUMENT**

    Summary judgment is appropriate where the moving party shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The function of the Court in considering the motion for summary judgment is not to resolve disputed issues of fact but only to determine whether there is a

genuine issue to be tried. See, e.g., *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513-14; *Eastman Machine Co. v. United States*, 841 F.2d 469, 473 (2d Cir.1988). *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir.1995). Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment. See, e.g., Fed R. Civ. P. 56(e) 1963 Advisory Committee Note; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513-14; *United States v. Rem*, 38 F.3d 634, 644 (2d Cir.1994); 6 Moore's Federal Practice p 56.02, at 56-45 (2d ed.1986). Any weighing of the evidence is the prerogative of the finder of fact, not an exercise for the court on summary judgment. See, e.g., *Frito-Lay, Inc. v. Morton Foods, Inc.*, 316 F.2d 298, 301 (10th Cir.1963). The motion must be denied as there are genuine issues of fact and law as plead by Plaintiff in his Complaint.

**FDCPA**

Congress passed the FDCPA with the express purposes "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

The FDCPA provides a 30 day validation period which allows a consumer to dispute the debt. 15 U.S.C. § 1692g. The thirty-day window is not a "grace period"; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity.4 By the same token, however, "[t]he failure of a consumer to dispute the validity of a debt under [§ 1692g] may not be construed by any

court as an admission of liability." 15 U.S.C. § 1692g(c)." <u>Jacobson v. Healthcare Financial Services, Inc.</u>, No. 06-3147-cv (2nd Cir. 2/14/2008) (2nd Cir., 2008).

In this case, Plaintiff disputed the debt and requested validation as to the alleged debt on February 10, 2006. Because Plaintiff's dispute letter was in response to the second letter sent by MCM to Plaintiff, dated February 1, 2006, MCM contends that since Plaintiff failed to request validation within 30 days of the its initial letter, dated December 9, 2005, they no longer had the obligation to provide any verification and had a right to continue collecting the alleged debt from Plaintiff. In its letter dated December 9, 2005, in the 30 day validation notice, MCM stated, "Unless you notify MCM within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid." This language is clearly overshadowing the provision 15 U.S.C. 1692g(c). While MCM may not have to send verification or cease mailing collection letters, it is still its responsibility to ensure that they have a legal right to collect a debt, such as an agreement creating the debt.

MCM admits receipt of Plaintiff's dispute letter. See MCM's collection log, attached hereto as Exhibit "A". Notwithstanding that Plaintiff's disputed only after receipt of the second letter, Plaintiff's late dispute was not and cannot be construed as an admission of liability for the debt. In fact, MCM was aware that Plaintiff disputed the debt. Nontheless, MCM continued sending monthly collection letters to Plaintiff, each time stating adding about $100.00 to the alleged balance due, and failing to state that the debt was disputed. (See letters attached hereto as Exhibit " B" ). In <u>Whitaker v. Hudson & Keyes, L.L.C.</u>, 2007 WL 2265057 (S.D. Ind. August 6, 2007), the Court rejected the collector's defense that it could not be liable for misrepresenting the amount of the debt

because the consumer failed to dispute the debt in accordance with the § 1692g verification procedure: " [The collector's] argument fails because this provision states that the debt collector may assume the debt is valid; but, according to 15 U.S.C. § 1692g(c), this does not actually make the debt valid. A debtor's failure to dispute the charges in a dunning letter merely allow the debt collector to continue pursuing collection of a properly-stated debt without fear of violation the FDCPA".

The FDCPA at 15 U.S.C. § 1692g(a) states, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall ... send the consumer a written notice containing — (1) the amount of the debt[.]" The first dunning letter dated December 9, 2005, states a current balance of $6,459.33. The collection letter dated February 1, 2006, states a current balance of $6,567.31. The next collection letter to Plaintiff, dated March 15, 2006, states a current balance of $6,657.15. The letter dated April 27, 2006 states a current balance of $6,749.49. Finally, the letter dated July 1, 2006 has an attached statement which indicates that Plaintiff's alleged account is accruing interest at 15%. MCM continuously misrepresented the amount of the debt as a current balance, when in fact it kept charging a 15% fee, which it was not authorized to collect. In Richard v. Oak Tree Group, Inc. 2008 WL 421435 (W.D. Mich. Feb 12, 2008) the Court found that the inclusion of unaccrued collection agency fees hidden within the stated amount of the debt violates § 1692e (2)(a) and § 1692f (1).

The FDCPA prohibits debt collectors from making false or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. In the letters following the February 10, 2006 dispute, MCM failed to note that the account they

were attempting to collect on, and the amount they were attempting to collect was disputed. The many collection letters sent to Plaintiff following Plaintiff's dispute are considered "Communication" as defined by the FDCPA. The term `communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium. Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643 (S.D.N.Y., 2006). Similarly, the Court in Dragon v. I.C. Sys., Inc., 483 f. Supp. 2d 198 (D. Conn. 2007), found that the collector violated the FDCPA when it initially disclosed the amount owning as a sum certain without any explanatory language, where in fact the amount was increasing daily because of the addition of interest and late charges and where the collector subsequently dunned the consumer for an increased amount, since the unexplained disclosure would lead the least sophisticated consumer into falsely believing that the amount stated would be due at any time. In this case, MCM kept increasing the amount due in each of its dunning letters, failing to explain the amount or provide any basis therefore. Only in its letter dated July 1, 2006, did Defendant itemize the alleged amount due, disclosing for the first time that it was applying a 15% interest to the initial amount allegedly due.

Title 15 U.S.C. § 1692f(1) provides that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

MCM did not have any agreement with Debtor or any alleged original creditor which permitted them to collect the alleged debt and a 15% interest charge thereon.

MCM also violated 1692e(8) in that Nowhere in any of MCM's letters does it say that Plaintiff previously disputed the debt, thereby confusing the least sophisticated consumer to believe that MCM had an undisputable legal right to the collection of the amount stated on the letter, irregardless of the misrepresentation contained therein, or the fact that it was not in possession of an agreement creating the debt or authorizing collection of the debt. Despite Plaintiff's dispute of the debt being outside of the validation period, Plaintiff never admitted a liability to owing this debt; to the contrary he disputed his debt and MCM knew that the debt is disputed. Although the dispute being outside the validation period may give MCM the continued right to collect, they are still required to report in its communications that a disputed debt is disputed, and to make sure they have a legal right to collect the debt, by having an authorizing agreement to do so.

In its letter dated July 1, 2006, MCM falsely misrepresented the imminence of legal action, stating, "This letter is to inform you that Midland Credit Management, Inc. is considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt." MCM had no intention in seeking legal action, as evident by the continuing "settlement" offers to Plaintiff for over a half a year thereafter. This legal threat was made by MCM for the purpose of coercing Plaintiff into paying a debt he disputed and did not owe which was a clear violation of 1692 (e)(5).

In support of its claim that it was allowed to collect because the dispute was outside the validation period, MCM is stating that since the dispute was late, they have a legal basis for collecting the debt and they need not have an agreement creating the

original debt or authorizing interest charges or other fees, in order to collect. Assuming, arguendo, that Plaintiff's dispute did not trigger verification requirements or the ceasing of collection activity, MCM was still required to truthfully represent the character, amount and legal status of the alleged debt, pursuant to 1692e. The letters fail to state that the disputed debt is disputed, in violation of 1692e(8). MCM was attempting to collect an amount it was not authorized, in violation of 1692f(1), 1692e (2)(a).

In its motion for Summary Judgment, on the top of page 3, MCM contends that since Plaintiff's dispute was after the 30 day validation period, the burden of proving the debt was not valid shifted to the Plaintiff. Midland provides no legal basis for such an allegation. The FDCPA does not require a consumer to prove or disprove a debt. In fact, a consumer is not required to prove the debt. The Court in Mendez v. M.R.S. Associates, 2005 WL 1564977, 2005 U.S. Dist. LEXIS 13705 (N.D.Ill., June 27, 2005) Granted the consumer's motion for summary judgment where the collector's letter instructed the consumer to contact the sender and "explained the nature of the dispute" because of that statement suggests that the consumer must have a specific reason in order to demand verification of the debt. The consumer has the right to dispute and request validation. Pursuant to 1692f(1) the debt collector, NOT the consumer, has the duty to ensure that there is a legal basis for the collection of the debt, regardless of whether a dispute was made at all under 1692g.

The FDCPA is a strict liability statute, and therefore, does not require a showing of intentional conduct on the part of a debt collector. See e.g., Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2nd Cir.1996). Further, a single violation of the FDCPA is sufficient to

establish civil liability. Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2nd Cir.1993).

**EVEN IF THE COMPLAINT COULD BE IMPROVED, DISMISSAL IS NOT THE APPROPRIATE REMEDY**

Alternatively, if the Court determines that improvements should be made to the Complaint dismissal is not appropriate. As seen in the Memorandum of Law "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley , 355 U.S. at 45-46, 78 S.Ct. at 101-102. The Eleventh Circuit's "strict adherence to this rule has led [it] to hold that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." Friedlander, 755 F.2d at 813; Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597-99 (5th Cir. 1981). See Guam Investment Company v. Central Building, Inc., 288 F.2d 19, 24 (9th Cir.)   It would not be in the interest of justice to permit defendants to keep the windfall of their misconduct before granting plaintiffs an opportunity to correct any supposed technical shortcomings found in the Complaint.

**CONCLUSION**

Plaintiff asserted clear factual allegations in its complaint against Defendant MCM. Since there are disputed issues of fact, it is not for the Court to decide on Summary Judgment but rather issues for the Jury to decide.

**WHEREFORE** For the reasons cited above, and being that there are numerous issues of disputed facts which are issues for the jury to decide, and not for the Court on

Summary Judgment, Defendant's Motion for Summary Judgment should be denied and costs imposed upon Defendant.

DATED: April 16, 2008
    Spring Valley, NY                    _____/s/_____
                                        Shmuel Klein (SK 7212) Fed Court Only
                                        Law Office of Shmuel Klein, PC
                                        Attorneys for Plaintiff
                                        268 ROUTE 59
                                        Spring Valley, NY   10977
                                        (845) 425-2510