UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
Jacob Langsam
    Plaintiff,                                    Case No. 07-cv-3123
vs.

Midland Credit Management INC.
    Defendant
_____x

**RULE 56.1 STATEMENT OF FACTS WHICH BAR SUMMARY JUDGMENT**

      Defendant Midland Credit Management ("MCM"), in its Rule 56.1 Statement, contend that there are no genuine issues to be tried with respect the issues stated in their numbered paragraphs. Plaintiff asserts that there are genuine issues of fact with respect to the collection activity by MCM, which bar Summary Judgment, to wit:

1. Plaintiff does not dispute paragraph numbered 1. of Defendants Rule 56.1 Statement except additional facts disputed stated below bar Summary Judgment.

2. Plaintiff does not dispute paragraph numbered 2. of Defendants Rule 56.1 Statement except additional facts disputed stated below bar Summary Judgment.

3. Plaintiff sent a validation letter to MCM as alleged in paragraph numbered 3. of Defendants Rule 56.1 Statement. Contrary to what MCM alleges, that Plaintiff sent a letter asserting that the claim is disputed without explanation as to the basis for the dispute, Plaintiff did explain the basis for the dispute, stating that he wanted to see the documents that created the debt. (See Exhibit "C" attached hereto.)

4. Plaintiff does not dispute paragraph numbered 4. of Defendants Rule 56.1 Statement except additional disputed facts stated below bar Summary Judgment.

5. Plaintiff does not dispute paragraph numbered 5. of Defendants Rule 56.1 Statement except additional disputed facts stated below bar Summary Judgment. In addition to stating his intent to bring legal action against MCM, Plaintiff again gave MCM a chance to resolve the issue regarding its violation of the FDCPA. (See exhibit "D" attached hereto)

6. Plaintiff does not dispute paragraph numbered 6. of Defendants Rule 56.1 Statement, as to the fact that the letter contained the alleged original account number and the alleged original creditor. Plaintiff disputes ever having such an alleged account number. Plaintiff also disputes owing any debt to Citibank, the named original creditor. See Plaintiff's dispute letter, attached hereto as exhibit "C", and Defendant MCM's letter which stated the alleged account name and alleged original creditor, attached hereto as exhibit "E".

7. Plaintiff does not dispute paragraph numbered 7. of Defendants Rule 56.1 Statement except additional disputed facts stated below bar Summary Judgment.

**PLAINTIFF'S STATEMENT OF ADDITIONAL DISPUTED FACTS WHICH BAR SUMMARY JUDGMENT**

8. Defendant MCM did not have and does not have any document creating any authorization to collect the debt.

9. Defendant MCM did not have and does not have any document creating any authorization to charge interest.

10. Defendant MCM misrepresented to Plaintiff the imminence of legal action. (See the July 1, 2006 letter attached hereto as Exhibit "E").

11. Defendant MCM failed to indicate on its collection letters to Plaintiff that the debt has been disputed. (See Exhibit "B").

12. Defendant Midland asserted that Plaintiffs failure to dispute timely constitutes and admission of liability, in violation of U.S.C. 1692g(c). (See Exhibit "F").

13. Defendant MCM misrepresented the amount of the debt, by trying to collect a debt it was not authorized to collect and by charging unauthorized interest. (See exhibit "B")

14. Defendant MCM misrepresented the legal status of the debt by failing to state that the disputed debt was disputed, and by stating that the debt is owed without having any authorization to collect such debt. (See exhibit "B").

15. Defendant's action caused emotional distress to Plaintiff. (See Plaintiff's Affirmation attached hereto).

**WHEREFORE** For the reasons cited above, and being that there are numerous issues of disputed facts which are issues for the jury to decide, and not for the Court on Summary Judgment, Defendant's Motion for Summary Judgment should be denied and costs imposed upon Defendant.

DATED: April 16, 2008
    Spring Valley, NY

_____/s/_____
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY  10977
(845) 425-2510