UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

JACOB LANGSAM,

                Plaintiff,

    vs.

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.

------------------------------------X

Civil Action No.: 07-CV-3123
(CLB)(MDF)


# MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION SEEKING SUMMARY JUDGMENT: A) DISMISSING THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56; AND B) GRANTING THE RELIEF SET FORTH IN ITS COUNTERCLAIM AGAINST THE PLAINTIFF

Pino & Associates, LLP
Westchester Financial Center
50 Main Street
White Plains, New York 10606
Telephone: (914) 946-0600

Attorneys for Defendant
**MIDLAND CREDIT MANAGEMENT, INC.**

Of Counsel:    Thomas E. Healy, Esq.
                  Marc A. Rousseau, Esq.

237747.1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..............................................................................................i

COUNTER-STATEMENT OF FACTS ...........................................................................1

ARGUMENT......................................................................................................................4

    I.    PLAINTIFF HAS FAILED TO REBUT THE ASSUMPTION OF VALIDITY OF THE DEBT UNDER 15 USC §1692G..............................................................4

    II.    PLAINTIFF'S ASSERTION THAT DEFENDANT MIDLAND MISREPRESENTED THE IMMINENCE OF LEGAL ACTION IS WITHOUT ANY FOUNDATION AND DEFIES THE CLEAR MEANING OF SUCH CORRESPONDENCE..............................................................6

    III.    PLAINTIFF'S ASSERTION THAT DEFENDANT MIDLAND VIOLATED 15 USC §1692E(8) BY FAILING TO REPORT TO PLAINTIFF THAT PLAINTIFF HAS DISPUTED THE DEBT IS ILLOGICAL AND WITHOUT ANY FOUNDATION....................7

    IV.    PLAINTIFF HAS FAILED TO SUBMIT ANY EVIDENCE OF VIOLATION OF 15 USC §1692E(2)(A) SHOWING THE AMOUNT OR CHARACTER OF THE DEBT WAS FALSELY PRESENTED ..............................8

    V.    PLAINTIFF HAS FAILED TO OFFER ANY EVIDENCE OF A VIOLATION OF 15 USC §1692F(1) TO SHOW THE COLLECTION OF THE DEBT BY DEFENDANT WAS NOT AUTHORIZED................................................................10

    VI.    PLAINTIFF HAS FAILED TO ADDRESS THE REMAINING ARGUMENTS AS SET FORTH IN THE INSTANT MOTION, FAILING TO RAISE TRIABLE ISSUES OF FACT RELATING THERETO...................10

CONCLUSION................................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 249 (1986)..........................................................................................8

Brady v. Credit Recovery Co.,
160 F.3d 64 (1st Cir. 1995).......................................................................................8

Dragon v. I.C. System, Inc.,
483 F. Supp.2d 198 (D. Ct. 2007).............................................................................9

Fitch v. R.J. Reynolds Tobacco Co.,
675 F. Supp. 133, 136 (S.D.N.Y., 1987)...................................................................8

Gervais v. Riddle & Assocs., P.C.,
479 F. Supp.2d 270 (D.C. Conn. 2007)....................................................................7

Grabois v. Jones,
1998 U.S. Dist. LEXIS 4567 (S.D.N.Y., 1998)........................................................5

Kinel v. Sherman Acquisition II, LP,
2006 U.S. Dist. LEXIS 97073 (S.D.N.Y., 2006)......................................................8

Knowles v. Credit Bureau of Rochester,
1992 U.S. Dist. LEXIS 8349 (W.D.N.Y. 1992).......................................................7

Madonna v. Academy Collection Serv.,
1997 U.S. Dist. LEXIS 13315 (D.C. Conn. 1997)...................................................7

Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,
475 U.S. 574, 586 (1986)..........................................................................................8

Mendez v. M.R.S. Associates,
2005 U.S. Dist. LEXIS 13705 (N.D. Ill. 2005)........................................................6

Richard v. Oak Tree Group, Inc.,
2008 U.S. Dist. LEXIS 10369 (W.D. Mich. 2008)..................................................8

Richmond v. Higgins,
435 F.3d 825, 829 (8th Cir. 2006).............................................................................5

Urlic v. American Int'l Group,
1997 U.S. Dist. LEXIS 5947 (S.D.N.Y., 1997)........................................................5

Whitaker v. Hudson & Keyse, LLC,
2007 U.S. Dist. LEXIS 57706 (S.D. Ind. 2007) ...................................................... 5

**STATUTES**

15 USC §1692e .................................................................................................... 5

15 USC §1692e(2)(a) ....................................................................................... 8, 9

15 USC §1692e(5) ............................................................................................... 7

15 USC §1692e(8) ............................................................................................ 7, 8

15 USC §1692f(1) .............................................................................................. 10

15 USC §1692g .................................................................................................... 4

15 USC §1692g(a)(3) ........................................................................................... 4

15 USC §1692g(c) ................................................................................................ 6

## COUNTER-STATEMENT OF FACTS

The relevant facts are contained within Defendant's Rule 56.1 Statement, attached and submitted with the Memorandum of Law in Support of Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND")'s Motion for Summary Judgment.

As a Counter-Statement of Facts, Defendant MIDLAND states as follows:

3. Correspondence dated February 20, 2006 states that the "claim is disputed and validation is requested", and the letter is devoid of any statement as to the basis for the dispute. See Exhibit "C" attached to Instant Motion.

5. On May 21, 2006, Plaintiff sent Defendant MIDLAND correspondence informing of his intent to bring legal action for alleged violation of the Fair Debt Collection Practices Act (FDCPA) "if I do not hear back from you within 15 days". (Exhibit "E" attached to the present Motion).

6. On July 1, 2006, Defendant MIDLAND sent a statement to Plaintiff at the same address, indicating the principal balance of the debt, the accrued interest to date, the original account number, and the original creditor. (Exhibit "F" attached to the present Motion). Defendant MIDLAND has never received any basis for Plaintiff's allegations disputing the account number and the debt being owed by Plaintiff to Citibank.

8. Defendant MIDLAND has the authority to collect the subject debt, having received such authority from the owner and purchaser of such debt, MIDLAND FUNDING, LLC. See Arteaga Affidavit; see Exhibit "A" attached to Arteaga Affidavit.

9. Defendant MIDLAND, through the authority extended to it by the owner and purchaser of the debt, MIDLAND FUNDING, LLC, has the authority to charge

interest at a rate consistent with the agreement between the debtor and the original creditor, Citibank. See Arteaga Affidavit; see Exhibit "B" attached to Arteaga Affidavit; see Exhibit "F" attached to the present Motion.

10. On July 1, 2006, Defendant MIDLAND sent Plaintiff correspondence informing Plaintiff that it "is considering forwarding this account to an attorney with the intent to initiate legal action to satisfy this debt". See Exhibit "F" attached to the present Motion.

11. In each correspondence sent to Plaintiff, Defendant MIDLAND provided all information required by and in compliance with 15 USC §1692 et al.

12. At no time and in no manner has Defendant MIDLAND ever asserted that Plaintiff's failure to timely inform Defendant MIDLAND in writing asserting a dispute and request for verification "constitutes and (sic) admission of liability".

13. Defendant MIDLAND, through the authority extended to it by the owner and purchaser of the debt, MIDLAND FUNDING, LLC, has the authority to charge interest at a rate consistent with the agreement between the debtor and the original creditor, Citibank. See Arteaga Affidavit; see Exhibit "B" attached to Arteaga Affidavit; see Exhibit "F" attached to the present Motion.

14. Plaintiff, by not disputing the assertions as stated in Defendant MIDLAND's Rule 56.1 Statement of Facts, ¶7, has admitted that Defendant MIDLAND has "consistently reported the subject debt as disputed to credit reporting agencies". Regarding the assertion that Defendant MIDLAND had no authority to collect the subject debt, see ¶8 above.

15. Plaintiff's assertion of emotional distress is self-serving, not having been deposed and subject to questioning, and without any medical or other evidence to support such statement.

Considering Plaintiff's Affidavit (erroneously titled an "Affirmation") as a further Counter-Statement of Facts (despite the fact that such does not identify to which statement of Defendant MIDLAND's Rule 56.1 Statement of Facts any assertion therein is addressed), Defendant MIDLAND's Counter-Statement of Facts asserts as follows:

6. On or about July 1, 2006, Defendant MIDLAND provided a statement regarding the subject debt, including but not limited to the original account number, the identity of the original creditor (provided on each correspondence to Plaintiff), the principal balance, the rate of interest, and the current balance. See Exhibit "F" attached to the present Motion.

8. On July 1, 2006, Defendant MIDLAND sent Plaintiff correspondence stating that "Midland Credit Management, Inc. is considering forwarding the account to an attorney with the intent to initiate legal action to satisfy the debt". See Exhibit "F" attached to the present Motion.

9. At no time did Defendant MIDLAND state or "threaten" to take legal action, only informing Plaintiff that they were "considering" forwarding the account to an attorney. See Exhibit "F" attached to the present Motion.

11. On or about July 1, 2006, Defendant MIDLAND provided a statement regarding the subject debt, including but not limited to the original account number, the identity of the original creditor (provided on each correspondence to Plaintiff), the principal balance, the rate of interest, and the current balance. See Exhibit "F" attached

237519.1                                3

to the present Motion. Regarding the assertion by Plaintiff as to "stress, anxiety, sleepless nights and extreme worry", see ¶15 above.

12.     On or about July 1, 2006, Defendant MIDLAND provided a statement regarding the subject debt, including but not limited to the original account number, the identity of the original creditor (provided on each correspondence to Plaintiff), the principal balance, the rate of interest, and the current balance. See Exhibit "F" attached to the present Motion.

## ARGUMENT

### I.     PLAINTIFF HAS FAILED TO REBUT THE ASSUMPTION OF VALIDITY OF THE DEBT UNDER 15 USC §1692G.

In his Affirmation in Opposition to the instant Motion, counsel for Plaintiff states that there is no legal basis for the contention that Plaintiff bears the burden of proving the subject debt invalid. See ¶4 of Affirmation of Shmuel Klein. However, this argument ignores clear statutory authority. Under 15 USC §1692g(a)(3), a debt collector is permitted to notify the debtor regarding a thirty day period to dispute the debt in writing, along with a proviso that, should the debtor fail to so dispute the debt in a timely manner, the debt collector will assume the debt to be valid. Defendant MIDLAND did just that. See Exhibit "A" attached to the present Motion. Further, Plaintiff does not dispute the fact that such notice, including the provision regarding assumption of validity, was sent on December 9, 2005. See Plaintiff's Counter-Statement of Facts, ¶ 1. Plaintiff also has not disputed the fact that the dispute of the debt was not sent in writing until February 10, 2006, well outside the thirty-day period prescribed by the statute. See Plaintiff's Counter-Statement of Facts, ¶ 3. Therefore, Defendant MIDLAND had the statutory

237519.1                                    4

right to assume the validity of the debt. Richmond v. Higgins, 435 F.3d 825, 829 (8th Cir. 2006).

It is axiomatic that a presumption, once established, must be overcome with competent evidence or there exists no triable issue of fact regarding that issue, making summary judgment appropriate. Grabois v. Jones, 1998 U.S. Dist. LEXIS 4567 (S.D.N.Y., 1998); Urlic v. American Int'l Group, 1997 U.S. Dist. LEXIS 5947 (S.D.N.Y., 1997). Plaintiff has failed to come forth with any evidence whatsoever regarding the invalidity of the debt. As such, there is no triable issue of fact as to the validity of the debt and any allegation by Plaintiff that the debt was invalid (including assertions of violations under 15 USC 1692e comes woefully short of defeating the instant motion for summary judgment.

Plaintiff cites Whitaker v. Hudson & Keyse, LLC, 2007 U.S. Dist. LEXIS 57706 (S.D. Ind. 2007) to argue that immunity from a violation of the statute for misstating the amount of the debt is not granted to debt collectors by the assumption of validity. However, this argument is not only unrelated to this facts of this case, it is also not supported by the case cited. At no time does Defendant MIDLAND assert that it is immune to a violation for misstating the debt because Plaintiff failed to contest the debt within the time given. It has merely asserted in correspondence that it is incumbent upon the Plaintiff to overcome the assumption of validity granted by the statute, very distinct from Plaintiff's assertions. Further, the facts of Whitaker are very different than and distinguishable from the case at bar. There, the debt collector misapplied the interest due, increasing the amount of the debt by 114.77% over a period of six (6) months. That is

clearly not the case here (where Defendant MIDLAND properly applied the 15% rate) and there is no evidence that the debt in question is in fact misstated in any manner.

Plaintiff's citation of <u>Mendez v. M.R.S. Associates</u>, 2005 U.S. Dist. LEXIS 13705 (N.D. Ill. 2005) is unavailing when applied to the case at bar. In that case, when the debtor disputed the debt within the statutory period (and there was therefore no assumption of the validity of the debt), the debt collector violated the statute when it required the debtor to give a basis for its dispute before the debt collector would provide the verification of the debt the statute required. Here, the Plaintiff failed to dispute the debt within the statutory period and there was, therefore, no requirement to provide verification under the statute and there was an assumption of the validity of the debt.

In addition, there is no basis for Plaintiff's assertion that the notice's language regarding the assumption of validity if no dispute is asserted within thirty-days overshadows the provision under 15 USC §1692g(c). This argument defies all logic since the statute itself requires the inclusion of such language in the notice of the debt. Therefore, this assertion is without any merit.

II.   **<u>PLAINTIFF'S ASSERTION THAT DEFENDANT MIDLAND MISREPRESENTED THE IMMINENCE OF LEGAL ACTION IS WITHOUT ANY FOUNDATION AND DEFIES THE CLEAR MEANING OF SUCH CORRESPONDENCE.</u>**

On July 1, 2006, Defendant MIDLAND sent Plaintiff correspondence stating as follows: "This letter is to inform you that Midland Credit Management, Inc., is <u>*considering*</u> forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt" (emphasis added). Plaintiff's assertion that such language constitutes a threat of action not intended to be taken defies the law and is baseless.

In applying 15 USC §1692e(5), Courts have consistently held that, where litigation is indicated as a possibility, without the threat of imminence, such statement do not violate the statute. Knowles v. Credit Bureau of Rochester, 1992 U.S. Dist. LEXIS 8349 (W.D.N.Y. 1992); Gervais v. Riddle & Assocs., P.C., 479 F. Supp.2d 270 (D.C. Conn. 2007); Madonna v. Academy Collection Serv., 1997 U.S. Dist. LEXIS 13315 (D.C. Conn. 1997). Here, the action of forwarding the account to an attorney to commence legal action is one under consideration. No determination regarding such action is indicated, nor is any time line whatsoever presented. Therefore, there is no basis for the conclusion that such a statement could infer the imminence of legal action, and no violation exists as a result.

III.   **PLAINTIFF'S ASSERTION THAT DEFENDANT MIDLAND VIOLATED 15 USC §1692E(8) BY FAILING TO REPORT TO PLAINTIFF THAT PLAINTIFF HAS DISPUTED THE DEBT IS ILLOGICAL AND WITHOUT ANY FOUNDATION.**

Plaintiff next asserts that Defendant MIDLAND violated 15 USC §1692e(8) by repeatedly failing to inform Plaintiff that he disputed the debt after February 10, 2006. This argument defies all logic. Plaintiff asserts that it is a violation of federal law to fail to tell a consumer that the same consumer has disputed a debt. Clearly, the consumer is aware of the fact that he has disputed the debt since he is the actor that effectuated such action. It is respectfully submitted that the purpose of the statute is to protect the consumer from having his false or inaccurate credit information provided to others. Such would result in obvious harm to the consumer in the form of invasion of privacy, damage to reputation or endangerment to credit history. There is no such harm associated with the consumer not being reminded that, yes indeed, he did dispute the subject debt. Plaintiff's argument would have more credence if it were applied to a situation where a debt

collection agency was falsely informing the consumer of effects on his credit rating or the legal ramifications of certain actions which are inaccurate. That is not the case here and the interpretation argued by Plaintiff would turn the statutory provision on its ear.

Plaintiff has cited no authority for this position. In fact, the Courts have held that 15 USC §1692e(8) governs communication with those inquiring about a consumer's credit history and not the consumer himself. Kinel v. Sherman Acquisition II, LP, 2006 U.S. Dist. LEXIS 97073 (S.D.N.Y., 2006); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1995). Therefore, this claim is baseless.

### IV. PLAINTIFF HAS FAILED TO SUBMIT ANY EVIDENCE OF VIOLATION OF 15 USC §1692E(2)(A) SHOWING THE AMOUNT OR CHARACTER OF THE DEBT WAS FALSELY PRESENTED.

Plaintiff has alleged that the amount and/or character of the debt was falsely represented in the correspondence by Defendant MIDLAND to Plaintiff. However, Plaintiff has offered nothing other than this bare allegation that the interest applied was not authorized, without any evidence to support this conclusory statement. To present a genuine issue of fact, and in turn, defeat a motion for summary judgment, the non-moving party must do more than cast doubt upon the material facts. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Conclusory allegations are not enough. Fitch v. R.J. Reynolds Tobacco Co., 675 F. Supp. 133, 136 (S.D.N.Y., 1987). There must be enough evidence in the record to support a jury verdict in favor of the party opposing the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Apparently in lieu of facts or evidence, Plaintiff cites the decision in Richard v. Oak Tree Group, Inc., 2008 U.S. Dist. LEXIS 10369 (W.D. Mich. 2008). He argues that this decision supports the finding of a violation of 15 USC §1692e(2)(a) due to the

application of 15% interest by Defendant MIDLAND "which it was not authorized to collect". The Michigan decision is not remotely applicable as it involves the collection of attorney and collection fees not specifically delineated. The case did involve the application of interest as well as the above fees and there was no itemization, but the Court there did not find a violation for the application of interest. Therefore, this holding's only relevance would be in support of a finding of no violation with regard to the application of interest.

The Citibank Card Agreement, a copy of which is attached as Exhibit "B" to the Arteaga Affidavit, explicitly authorizes the application of interest rates including 15% in the event of default. As such, and since the subject Citibank account in the name of Plaintiff was past due and written off by Citibank (see Arteaga Affidavit, ¶4), the application of interest at a rate of 15% was fully authorized. Therefore, Plaintiff's arguments to the contrary are without merit.

Plaintiff cites the decision in Dragon v. I.C. System, Inc., 483 F. Supp.2d 198 (D. Ct. 2007) in an attempt to argue that, since the collection letters did not specifically delineate what portion of the debt stated was principal and what was interest, such correspondence violated 15 USC §1692e(2)(a). The Dragon decision does not stand for such proposition and its facts are easily distinguishable to the case at bar. The decision makes it clear that the statute does not require an explanation be given as to the application of interest or the varying amount of a debt in a collection notice. Id. at 203. The Court did find problematic the fact that the collection notice in that case stated a balance due but not an effective date, leading the least sophisticated consumer to believe that the balance given at that time would be the balance going forward. This is not the

case here. The collection notices clearly give dates for which payment of the balance would discharge the due amount. As such, this decision is easily distinguishable and not persuasive.

V. **PLAINTIFF HAS FAILED TO OFFER ANY EVIDENCE OF A VIOLATION OF 15 USC §1692F(1) TO SHOW THE COLLECTION OF THE DEBT BY DEFENDANT WAS NOT AUTHORIZED.**

In November, 2005, credit card accounts owned and written off by Citibank were purchased by Midland Funding NCC-2 Corporation pursuant to a Purchase and Sale Agreement, transferring all rights, title and interest in such accounts to Midland Funding NCC-2 Corporation. See Arteaga Affidavit. Defendant MIDLAND is the entity retained by Midland Funding NCC-2 Corporation to perform collection services regarding the accounts owned by Midland Funding NCC-2 Corporation. See Arteaga Affidavit, ¶3. The credit card statements for Plaintiff's Citibank account show that Plaintiff's account was included in the accounts purchased by Midland Funding NCC-2 Corporation pursuant to the Purchase and Sale Agreement. See Arteaga Affidavit, ¶6.

Plaintiff failed to submit anything other than baseless and conclusory statements regarding the authorization to collect the subject debt by Defendant MIDLAND. The above shows unequivocally that the debt was indeed purchased by an entity which retained Defendant MIDLAND to perform collection services. Therefore, Plaintiff's argument regarding a violation of 15 USC §1692f(1) is without merit.

VI. **PLAINTIFF HAS FAILED TO ADDRESS THE REMAINING ARGUMENTS AS SET FORTH IN THE INSTANT MOTION, FAILING TO RAISE TRIABLE ISSUES OF FACT RELATING THERETO.**

Plaintiff has failed to comment or address in anyway Defendant MIDLAND'S arguments regarding the facial insufficiencies of claims under the Fair Credit Reporting

Act, common law claims for defamation, declaratory and/or injunctive relief and infliction of emotional distress and claims under something termed by Plaintiff as the "Consumer Act". As such, there are no triable issues of fact and these claims should be dismissed as a matter of law.

Further, Plaintiff has failed to present any evidence of facts whatsoever regarding Defendant MIDLAND'S cross-claim for monetary damages of a sum certain. The Purchase and Sale Agreement (Exhibit "A" attached to Arteaga Affidavit), the Citibank Credit Card Agreement (Exhibit "B" attached to Arteaga Affidavit) and the credit card statements regarding Plaintiff's account show that there was and still is an outstanding balance on this account. Plaintiff has failed to submit any evidence to show that this account is invalid or not due and owing by Plaintiff. These documents show that the balance as indicated by the collection correspondence has not been misrepresented and remains due and owing, with the addition of applicable interest. As above, the present Motion, regarding such counter-claim, should be granted.

## CONCLUSION

As set forth above, it is respectfully submitted that there is no genuine issue of material fact regarding Defendant MIDLAND's compliance with all aspects of federal law, and the present Motion should be granted in all respects. It is further submitted that there is no genuine issue of material fact regarding the Plaintiff's obligation under the debt purchased by Midland Funding, LLC and that a judgment for the principal amount

of such debt, together with interest to date, should be granted.

Dated: White Plains, New York
      May 8, 2008

                                                                                                          s/ Thomas E. Healy
                                               Thomas E. Healy (TH 4340)
                                               Marc A. Rousseau (MR 8018)
                                               Pino & Associates, LLP
                                               Westchester Financial Center
                                               50 Main Street
                                               White Plains, New York 10606
                                               Telephone: (914) 946-0600
                                               Facsimile: (914) 946-0650
                                               **Attorneys for Defendant**
                                               **MIDLAND CREDIT MANAGEMENT, INC.**

TO:    Shmuel Klein, Esq. (via FEDEX EXPRESS)
          Law Office of Shmuel Klein, PC
          268 Route 59 West
          Spring Valley, New York 10977
          Telephone: (845) 425-2510
          **Attorney for the Plaintiff**
          **JACOB LANGSAM**